FILED

AUG 02 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ANTHONY SNEED,

          Petitioner - Appellant,

   v.

A. P. KANE,

          Respondent - Appellee.

No. 07-15061

D.C. No. CV-05-04109-SI

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Susan Illston, District Judge, Presiding

Submitted July 19, 2010[**]

Before:    B. FLETCHER, REINHARDT, and WARDLAW, Circuit Judges.

    California state prisoner Anthony Sneed appeals pro se from the district

court's judgment denying his 28 U.S.C. § 2254 habeas petition. We have

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 2253[1], and we reverse and remand.

Sneed contends his commitment offense does not support the Governor's decision in light of the passage of time and evidence of his rehabilitation. An independent review of the record reveals that the state court unreasonably concluded that some evidence supports the Governor's decision. *See* 28 U.S.C. § 2254(d); *Cooke v. Solis*, 606 F.3d 1206, 1216 (9th Cir. 2010); *Himes v. Thompson*, 336 F.3d 848, 853 (9th Cir. 2003); *see also Hayward v. Marshall*, 603 F.3d 546, 562 (9th Cir. 2010) (en banc) ("The prisoner's aggravated offense does not establish current dangerousness 'unless the record also establishes that something in the prisoner's pre- or post-incarceration history, or his or her current demeanor and mental state' supports the inference of dangerousness.") (quoting *In re Lawrence*, 190 P. 3d 535, 555 (Cal. 2008)). Therefore, we reverse the district court and remand with instructions to grant the writ.

**REVERSED and REMANDED.**

---

[1] We certify for appeal, on our own motion, the issue of whether the Governor's 2004 decision to reverse the Board of Prison Terms' decision to grant parole violated due process. The state has fully briefed the issue that we certify for appeal.